```
                              Anthony Maurice Jackson
                              SBI#666982B-927383
                              4-D-1-9/E.J.S.P.
                              1100 Woodbridge Road
                              Lock Bag R
                              Rahway, N.J. 07065

                              April 5, 2021
```

Office of the Clerk
United States District Court
For the District of New Jersey
Martin Luther King, Jr. Federal Building
& Courthouse
50 Walnut Street
Newark, NJ 07101

RE: <u>Anthony Maurice Jackson v. Dr. Scott Miller, et. als</u>

Dear Clerk, U.S. District Court:

    Enclosed please find (1) original and (3) copies of Plaintiff's complaint pursuant to 42 U.S.C. 1983, in the above-captioned case. Plaintiff previously sent an institutional check in the amount of Three hundred fifty ($350.00) dollars for the cost of a civil complaint docket number.

    I thank you for your time and consideration in this matter.

```
                         Respectfully submitted,

                         x /s/ Anthony Maurice Jackson
                            Anthony Maurice Jackson
                            Pro Se
```

cc: file

**RECEIVED**
APR 15 2021
AT 8:30 _____ M
WILLIAM T. WALSH, CLERK

ANTHONY MAURICE JACKSON
666982B-927383
4-D-1-9/E.J.S.P.
1100 Woodbridge Road
Lock Bag R
Rahway, N.J. 07065

April 5, 2021

ORIGINAL

IN THE UNITED STATES
FOR THE DISTRICT

| | |
|---|---|
| Anthony Maurice Jackson | : |
| Plaintiff, | : |
| | : CIVIL COMPLAINT UNDER |
| vs. | 42 U.S.C. 1983 |
| | : JURY TRIAL DEMAND |
| Dr. Scott Miller, in his Individual capacity, ST. FRANCIS MEDICAL CENTER, JOHN/JANE DOES, Doctors 1-10, JOHN/JANE DOES, Nurse practitioner 1-10 in their individual capacity; Dr. Lynch, East Jersey State Prison, in his individual and official capacity, Maurice O. Hicks, (Acting) Commissioner New Jersey Dept., of Corrections in his individual and official capacity, et. als | : |
| Defendant's, | : |

RECEIVED
APR 15 2021
AT 8:30_____M
WILLIAM T. WALSH, CLERK

## INTRODUCTION

This is a civil action filed by Anthony Maurice Jackson, pursuant to 42 U.S.C. 1983 pro se, for compensatory damages, and punitive relief, alleging denial of proper medical care for serious medical needs, in violation of the Eighth Amendment to the United States Constitution. The Plaintiff also alleges medical malpractice, negligence, negligence per se, and deliberate indifference.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. 1331 and 1343(3) and (4) The matters in controversy arise under 42 U.S.C. 1983 for denial of medical care, deliberate

1

indifference, negligence, and negligence per se, and medical malpractice.

2. Venue properly lies in this District pursuant to 28 U.S.C. 1391(b)(2), because the events giving rise to this cause of action occurred at St. Francis Medical Center which is the District of New Jersey.

3. The Court has supplemental jurisdiction over plaintiff's state law tort claims under 28 U.S.C. 1367.

## PARTIES

4. Anthony Maurice Jackson, is currently confined at East Jersey State Prison, 1100 Woodbridge Road, Lock Bag R, Rahway, N.J. 07065.

5. Plaintiff, Anthony Maurice Jackson ("Jackson"), is and was at all times relevant mentioned herein, an adult citizen of the United States and currently a resident of the state of New Jersey.

6. Defendant, Dr. Scott Miller, ("Miller"), was at all times relevant herein, a vender occupational health medical provider at St. Francis Medical Center, that administers medical examinations and performs surgery on prisoner's on behalf of the New Jersey Department of Corrections ("NJDOC").

7. Defendant, Dr. John Doe 1-10, was at all times relevant mentioned herein and employee of occupational health care provider from St. Francis Medical Center.

8. Defendant, Dr. Jane Doe 1-10, was at all times relevant mentioned herein and employee of occupational health care provider from St. Francis Medical Center.

9. Defendant's John Doe 1-10, Nurse Practitioner was at all times relevant mentioned herein and employee of Occupational health care provider from St. Francis Medical Center.

10. Defendant's Jane Doe 1-10, Nurse Practitioner was at all times relevant mentioned herein and employee of occupational health care from St. Francis Medical Center

11. Defendant St. Francis Medical Center, was at all times relevant mentioned herein the occupational health care provider for the New Jersey Department of Corrections and administers medical examinations and medical procedure's on prisoner's on behalf of the (NJDOC)

12. Defendant Dr. Lynch, was at all times relevant hereto a occupational medical health provider at East Jersey State Prison, and was responsible for his actions and inactions in treating plaintiff as a patient under his care.

13. Defendant Marcus O. Hicks, was at all times relevant hereto the Acting Commissioner of the New Jersey Department of Corrections, and is responsible for overseeing, the policy and procedure. The hiring of occupational medical health care provider St. Francis Medical Center, which provides medical services for prisoners under his security and control, and is responsible for St. Francis Medical Center actions, in relation to the prisoners under his security and control.

## STATEMENT OF CLAIM FACTS

14. On June 15, 2018, Defendant Scott Miller (Job Id# 422264/2669785) performed a total left knee replacement on plaintiff's left knee at St. Francis, Medical Center.

15. After the surgery plaintiff had found his condition to worsen, and the excruciating pain, had elevated, along with a different degree of stiffness, and fluid retention of the entire left leg. Ultimately, the knee was inflamed and infected.

16. Thereafter, plaintiff sought medical attention at East Jersey State Prison (hereinafter, "E.J.S.P.") medical department defendants. Plaintiff complained about his condition to the medical staff concerning the swelling, pain and discomfort he was experiencing due to the botched surgery by defendant Miller.

17. The medical staff told plaintiff that "it would just go away."

18. Plaintiff maintains the medical staff defendants, provided unsatisfactory answers, care, and lacked professionalism

3

concerning this matter, which continued from June 2018 through October 2019.

19. Notwithstanding, plaintiff s continued complaints, visits to the E.J.S.P., medical department, defendants, the Doctor's and Nurse Practitioner's defendants, failed miserably in providing medical care for plaintiff s serious medical needs. For instance, the medical staff at E.J.S.P. failed to run a battery test which is the means for determining the proper medical diagnosis of plaintiff's condition concerning his left knee, and leg. This has continued since the surgery performed by Defendant Miller, and there is still no medical diagnosis of what is actually wrong with my leg, and knee.

20. Thereafter, on August 19, 2019, after one-year of doctor visits, written grievances, and complaints. A three-phase bone scan was conducted revealing evidence of left knee prosthesis. The bone scan also indicated a delayed imaging about the left knee prosthesis. This more prominent laterally of the distal femur. The pain that plaintiff was suffering was "consistent with infection." (Dr. Lester Libfraind, at St. Francis Medical Center, conducted the examination.)

21. On October 14, 2019, some testing was done (Bone Culture), proved the following:
a. Methicillin Sensitive "Staph Aureus";
b. On December 6, 2019, a blood culture was performed revealing the following:
   Serratia Marcesceus (MSSA);

22. Based on this, as plaintiff alleges; infection to Defendants Lynch & Nurse Practitioner Sumicad, for an entire year an plaintiff's Eighth Amendment right to be free from cruel and unusual punishment at based upon defendants negligence, deliberate indifference to my serious medical needs, resulting in malpractice. Plaintiff nearly lost his life because his blood was infected, and bone for more than a year under E.J.S.P., medical defendants, and defendant Miller s surgery.

4

23. The infection complained of only occurred after Defendant Miller performed the surgery of the total left knee replacement on June 15, 2018.

24. Defendant Lynch failed to properly treat the issue by conducting the necessary testing, which could have detected the infection. Based upon defendant Lynch's failure s concerning this matter, Plaintiff has suffered excruciating pain and continues to suffer daily. Thus Plaintiff has been denied his inalienable rights. Defendant Lynch's malpractice, and negligence per se allowed the infection to fester in plaintiff s blood, and bone, resulting in the future bodily functions being disturbed, and manipulated.

25. Plaintiff has endured physical pain, and mental anguish, based upon the actions and inactions of all of the above-named defendants. Defendants were deliberately indifferent to plaintiff's serious medical needs.

26. On October 19, 2019, plaintiff was transported to St. Francis Medical Center for an additional medical procedure performed by Dr. Shakir. Dr. Shakir removed the prosthesis, and an antibiotic-cement spacer was inserted into my knee, daily rounds of antibiotics had to be administered because of the pain, and my knee was immobilized.

27. After plaintiff returned to E.J.S.P., on October 26, 2019, he was confined to the infirmary and fed antibiotics for the next four months.

28. On August 5, 2020, after an additional year of pain and suffering, plaintiff once again was transported to St. Francis for another medical procedure.

29. On August 6, 2020, Dr. Shakir performed another surgery removing the spacer and another total knee replacement was completed.

30. Plaintiff alleges that, the infection, in my blood and bone caused by defendant Miller's initial operation on June 15, 2018, resulted in cruel and unusual punishment, deliberate indifference to my serious medical needs, negligence, and medical

5

malpractice.

31. To date, plaintiff remains in pain, has stiffness, and fluid about the left leg. This has also caused lingering ailments from trauma in having more surgeries, and infections. Plaintiff has suffered the following side effects because of defendant Miller, and the ongoing treatment of his left knee, and leg:

a. Angioneurotic Edema post-surgey 2018;
b. Temporal Aurtitis post-surgery 2019;
c. Anemic post-surgery 2021;

32. The infection caused by Defendant Miller's negligence, and malpractice has caused and continues to cause plaintiff severe pain. Moreover, and of import, plaintiff runs the risk of losing his leg. Plaintiff's knee has seized up, mobility is very limited, and plaintiff cannot straighten out the left knee.

33. Plaintiff has reason to believe the infection has caused permanent damage to the surrounding knee tissue are as well as damage to his tendons, and ligaments. Plaintiff must <u>use a cane</u> when he walks, because the pressure on his left leg, and pain and suffering. Plaintiff's leg is disfigured, and will walk with a limp the rest of his life.

34. Plaintiff s left leg continues to retain fluid and has to wear medical stockings, takes medication and requires orthopedic footwear that defendant Lynch also refuses to address. Plaintiff's legs, and feet, specifically the prominent affected area is the left side with edema again attributed to infections.

35. Plaintiff has reason to believe the infections, and surgery caused permanent damage to the surrounding area of his knee, its scar tissue, ligaments, bone marrow and feet. Plaintiff walks in constant pain, and there is fluid in plaintiff's leg and feet.

36. Plaintiff has developed a prominent limp, runs the possibility of losing his vision from the temporal aurtitis. The leg as well, due to the all above-named defendants

6

malpractice, negligence, and deliberate indifference to his serious medical needs.

37. Plaintiff has continued to complain regarding the swelling of his feet due to the Edema, and the immediate need for medical footwear. Defendant Lynch, and the E.J.S.P., defendants fail to address this serious medical issue, and suggested that plaintiff just stop complaining. Plaintiff alleges that, this is a denial of medical footwear. Plaintiff was threatened with institutional charges if he continued to complain concerning his serious medical needs.

38. Plaintiff also has been recommended by Dr. Shakir to receive professional treatment from a podiatrist, but this recommendation has been totally ignored by the E.J.S.P., defendants. Plaintiff has exhausted all available remedies as set forth below.

39. The dates of treatment began on July 12, 2018, and continued as follows; July 14, 2018; August 8, 2018; September 2, 2018; September 13, 2018; September 25, 2018; October 1, 2018; January 2, 2019; February 7, 2019; February 16, 2019; March 8, 2019; April 16, 2019, April 18, 2019, June 3, 2019; August 2, 2019; August 6, 2019; August 8, 2019; August 23, 2019; August 27, 2019, and September 11, 2019.

## EXHAUSTION OF REMEDIES

40. Plaintiff has exhausted all available remedies; Kiosk references are as follows; 1. 19006545; 2.19009561; 3. 19013177; 4. 19013374; 5. 19013498; 6. 19014428; 7. 19014655; 8. 19015620; 9. 18008468; 10. 18008544; 11. 18009680; 12. 18010072; 13. 18011595; 14. 18012273; 15. 18013000; 16. 18013368; 17. 18014179; 18. 19000075; 19. 19002173; 20. 19002759; 21. 19003994; 22. 19006143.

## FIRST CAUSE OF ACTION

41. On June 15, 2018, defendant Scott Miller occupational health care provider, Medical Doctors at St. Francis Medical Center John/Jane Does 1-10, and/or John/Jane Does 1-10, Nurse Practitioner's, knowingly, purposefully, willfully,

7

intentionally, maliciously and deliberately denied the plaintiff medical care and treatment and refusing to properly administer proper treatment and/or examination and/or render any medical treatment. These inactions resulted in plaintiff suffering the unwanted and unnecessary effects of cruel and unusual punishment, which resulted in an infection and permanent damage to his knee, in violation of the Eighth Amendment to the United States Constitution and Equal Protection of Law under Fourteenth Amendment to the United States Constitution.

### SECOND CAUSE OF ACTION

42. Defendant Maurice O. Hicks, Acting Commissioner, knowingly, purposefully, willfully, intentionally, maliciously and deliberately denied the plaintiff medical care and treatment and refusing to properly administer or examination and/or render any medical treatment by negligent hiring of St. Francis Medical Center as an occupational medical health provider for New Jersey State Prisoner's. These negligent hiring resulted in plaintiff suffering the unwanted and unnecessary effects of cruel and unusual punishment, which resulted in his denial of medical care for his serious medical needs, in violation of the Eighth Amendment to the United States Constitution and Equal Protection of Law under Fourteenth Amendment to the United States Constitution.

### THIRD CAUSE OF ACTION

43. Defendant St. Francis Medical Center, Medical Doctors John/Jane Does 1-10, and/or John/Jane Does Nurse Practitioner's 1-10, , knowingly, purposefully, willfully, intentionally, maliciously and deliberately denied the plaintiff medical care and treatment and refusing to properly administer treatment and/or examination and/or render any medical treatment. These inactions resulted in plaintiff suffering the unwanted and unnecessary effects of cruel and unusual punishment, which resulted in his infected knee and permanent loss of movement in his left leg, in violation of the Eighth Amendment to the United States Constitution and Equal Protection of Law under

Fourteenth Amendment to the United States Constitution.

## FOURTH CAUSE OF ACTION

44. Plaintiff maintains Defendant Lynch, East Jersey State Prison, Doctors failure to perform proper medical procedures breached his legal duty to conform to a standard of conduct raised by law for the protection of unreasonable risks of harm. This breached of standard caused loss and damage which ultimately resulted in plaintiff's infection and permanent damage to his left leg and knee area.

## FIFTH CAUSE OF ACTION

45. All defendants were deliberately indifferent to plaintiff's serious medical needs. There was a denial and delay of access to treatment. The conduct amounted to interference with access to medical treatment, and access to medical personnel and/or hospital and the failure to treat the plaintiff's medical condition properly resulted in medical malpractice, negligence and negligence per se, violation of the Eighth Amendment to the United States Constitution and Fourteenth Amendment Equal Protection Clause, by one acting the color of state law.

WHEREFORE, plaintiff requests the court grant the following relief:

A. Issue a declaratory judgment stating that:

1. The negligence and negligence per se by the Defendant's, violated Plaintiff's rights under the Eighth Amendment to the United States Constitution, the Equal Protection of Law to the United States Constitution and constituted negligence, and negligence per se under state law.

2. $5,000,000 in compensatory damages jointly and severally against all above-named defendant(s);

3. $100,000 in punitive damages jointly and severally against all above-named defendant(s)

4. Any medical bills, pain and suffering;

9

5. Grant such other relief as it may appear that plaintiff is entitled.

I declare under penalty of perjury pursuant to 28 U.S.C. 1746, that upon information and belief the statements contained above are true. I understand that if any of the above statements are false. I am subject to penalty.

>
> Respectfully submitted,
>
> x *(signature)* Anthony Maurice Jackson
> Anthony Maurice Jackson
> Plaintiff, Pro Se
> 927333/4-D-1-9
> East Jersey State Prison
> 1100 Woodbridge Road
> Rahway, N.J. 07065

Dated: April 5, 2021
Rahway, N.J. 07065

**RECEIVED**

APR 15 2021

AT 8:30_____M
WILLIAM T. WALSH, CLERK