UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY MAURICE JACKSON, | : |
| Plaintiff, | : Civil Action No. 21-9404 (BRM) |
| v. | : OPINION AND ORDER |
| DR. BARRINGTON LYNCH, et al., | : |
| Defendants. | : |

**THIS MATTER** comes before the Court on the following two motions by *pro se* Plaintiff Anthony Maurice Jackson: (1) motion for the denial or a stay of Defendants Barrington Lynch and Alejandrina Sumicad's motion for partial summary judgment as to Plaintiff's medical malpractice claims for failure to provide an affidavit of merit [Dkt. No. 38]; and (2) motion for appointment of *pro bono* counsel for the limited purpose to help Plaintiff obtain an affidavit of merit [Dkt. No. 39]. For the reasons set forth below, the Court will (1) appoint *pro bono* counsel for the limited purpose of determining whether Plaintiff can obtain an affidavit of merit in support of his claims for medical malpractice and negligence against Defendants; and (2) extend the time for filing the affidavit of merit. Due to the Court granting Plaintiff a brief extension of time to file the affidavit of merit, Defendants' motion for partial summary judgment [Dkt. No. 36] is **DENIED without prejudice**.

**I.   BACKGROUND**

The Court sets forth only those facts necessary to this Opinion. Plaintiff, a prisoner at East Jersey State Prison, brings this 42 U.S.C. § 1983 action against multiple defendants for allegedly violating his Eighth Amendment right to adequate medical care. *See* Dkt. No. 32. On October 5, 2021, the Honorable Brian R. Martinotti, U.S.D.J., screened Plaintiff's complaint pursuant to 28

1

U.S.C. §§ 1915(e)(2) and 1915A and issued an Opinion and Order granting Plaintiff's *in forma pauperis* ("IFP") application and dismissing without prejudice Plaintiff's complaint for failure to state a claim upon which relief may be granted. [Dkt. Nos. 12 and 13]. Plaintiff then filed a motion to amend his complaint on November 23, 2021 [Dkt. No. 17], which the Court granted in part and denied in part in an Opinion and Order issued on June 28, 2022. [Dkt. No. 19]. In the Opinion and Order, the Court directed Plaintiff to "file and serve the Amended Complaint, as modified by the herein Opinion and Order, within thirty (30) days." *Id.* at 12. While Plaintiff did not file the Amended Complaint, he did complete service as to Defendants Barrington Lynch, M.D., and Alejandrina Sumicad, APN (collectively, "Defendants") and Defendants filed an Answer on September 22, 2022. [Dkt. No. 24]. In their Answer, Defendants included a Demand that Plaintiff provide an affidavit of merit pursuant to N.J.S.A. 2A:53A-27 *et seq.* [*Id.*]

On October 4, 2022, the Court received a letter from Plaintiff "requesting time in Order of preparing Pro Se and or seeking private counsel in representing me further in said case" and stating that he received "a brief from defendants attorney . . . but no letter indicating time for my response, only a blanket brief." [Dkt. No. 26]. On October 5, 2022, the Court issued a Letter Order granting Plaintiff an extension until October 24, 2022 to file the Amended Complaint, noting that Plaintiff served Defendants with the Amended Complaint and that Defendants' Answer filed on September 22, 2022 was responsive to the Amended Complaint, but that Plaintiff had yet to file the Amended Complaint on the docket. [Dkt. No. 27]. The Letter Order further directed Defendants to file their Answer within fourteen days of Plaintiff filing the Amended Complaint. [*Id.*] On October 17, 2022, the Court received another letter from Plaintiff requesting an extension of time "for the purpose of seeking professional representation, because I need help in filing a proper brief and discovery request." [Dkt. No. 28]. On October 18, 2022, the Court issued a Letter Order granting

Plaintiff until January 6, 2023 to file the Amended Complaint and directing Defendants to file their Answer fourteen days thereafter. [Dkt. No. 29].

On November 18, 2022, the Court received another letter from Plaintiff in which he stated he is "having difficulty in obtaining 'Discovery Materials, Affidavit of Merit' and the professional advice one receives from an attorney" and thus requesting "assigned counsel" and for the Court to "enforce discovery release." Dkt. No. 30. On January 25, 2023, the Court issued a Letter Order which (1) vacated its prior directive for Plaintiff to file the Amended Complaint, instead directing the Clerk of the Court to file the Complaint; and (2) noted that the only remaining Defendants in the instant matter are Defendant Dr. Barrington Lynch and Defendant Nurse Practitioner Alejandrina Sumicad, which Defendants served their Answer to the Amended Complaint on September 22, 2022. [Dkt. No. 31]. That same day, January 25, 2023, the Clerk of the Court filed Plaintiff's Amended Complaint [Dkt. No. 32], and on February 1, 2023, the Court entered a Scheduling Order in this matter. [Dkt. No. 33].

Plaintiff thereafter sent a letter to the Court, dated February 10, 2023, which was not received by the Court until March 2, 2023. [Dkt. No. 37]. In his letter, Plaintiff repeated his "request for a time extension for the purpose of seeking professional representation." *Id.* However, on February 23, 2023, prior to the Court receiving Plaintiff's letter, Defendants filed a motion for partial summary judgment, arguing that Plaintiff's medical malpractice claims must be dismissed for failure to serve an affidavit of merit within the statutorily prescribed window of 120 days after Defendants' Answer was served on September 22, 2022. [Dkt. No. 36-1 at ¶¶ 7-11]. On March 9, 2023, the Court received four documents from Plaintiff, including the instant motions for the denial or a stay of Defendant Barrington Lynch's motion for partial summary judgment [Dkt. No. 38] and for the appointment of *pro bono* counsel for the limited purpose to help Plaintiff obtain an

affidavit of merit [Dkt. No. 39].[1]

## II.   DISCUSSION

In an action alleging professional malpractice, New Jersey requires an Affidavit of Merit ("AOM"). *See* the Affidavit of Merit Statute, N.J. Stat. Ann. §§ 2A:53A–26 to 29. "Within 120 days after the defendant files an answer, the malpractice plaintiff must file such an affidavit from an appropriate licensed professional. That AOM must state, to a reasonable probability, that the defendant's conduct fell short of accepted standards in the relevant profession. If a proper, timely AOM is not filed, the case will be dismissed." *Szemple v. Univ. of Med. & Dentistry of N.J.*, 162 F. Supp. 3d 423, 425-26 (D.N.J. 2016). As explained by the Third Circuit, "[t]he penalty for not following the . . . Statute is severe. Absent a showing of one of four limited exceptions, the failure to file the affidavit 'shall be deemed a failure to state a cause of action.'" *Nuveen Mun. Trust v. WithumSmith Brown, P.C.*, 692 F.3d 283, 290-91 (3d Cir. 2012) (quoting N.J.S.A. § 2A:53A-29). The four limited statutory exceptions are (i) a statutory exception regarding lack of information; (ii) a "common knowledge" exception; (iii) substantial compliance with the affidavit of merit requirement; or (iv) "extraordinary circumstances" that warrant equitable relief. *See id.* at 305 (citing N.J.S.A. § 2A:53A-28 (detailing statutory exceptions)).

Here, the parties do not dispute that an AOM is required. *See* Dkt. No. 24; Dkt. No. 39. It is further undisputed that Plaintiff to date has not served an AOM. However, the Court disagrees with Defendants that the deadline for Plaintiff to do so has expired. As previously noted, the Affidavit of Merit Statute imposes time limits. The AOM must be filed within sixty days after the filing of the defendant's answer. The Court, on a showing of good cause, may extend that deadline for an additional sixty days. N.J. Stat. Ann. § 2A:53A–27. This Court has previously held "that the

---

[1] Plaintiff also submitted a Request for the Production of Documents [Dkt. No. 40] and Interrogatories [Dkt. No. 41] which the Court notes should have been served on Defendants directly.

120 day deadline should run from the filing of the [final pleading]," because "[t]o require an AOM before the pleadings are finally settled would result in uncertainty, as well as needless duplication of effort as AOMs must be revised to conform to new allegations." *Szemple*, 162 F. Supp. 3d at 430. Here, there was some ambiguity as to when the pleadings were fixed, as the Court repeatedly granted Plaintiff extensions of time to file the Amended Complaint and likewise extended the deadline for Defendants to file an Amended Answer, before the Court ultimately directed the Clerk of the Court to file the Amended Complaint on January 25, 2023, and deemed the Complaint answered by Defendants' September 22, 2022 filing. *See* Dkt. No. 31.[2] Therefore, the Court deems the filings in this matter as fixed on January 25, 2023, and finds that the 120-day period for Plaintiff to file the AOM will expire on May 25, 2023. Accordingly, Defendants' motion for partial summary judgment as to Plaintiff's medical malpractice claims for failure to provide an affidavit of merit [Dkt. No. 36] is **DENIED without prejudice** as premature.

The Court now turns to Plaintiff's motion for the appointment of *pro bono* counsel for the limited purpose of helping Plaintiff obtain an AOM. *See* Dkt. No. 39. Pursuant to 28 U.S.C. § 1915(e), "[t]he court may request an attorney to represent any person unable to afford counsel." The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The decision to appoint *pro bono* counsel involves a two-step analysis. First, a court must determine, as a threshold matter, whether a plaintiff's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If a court finds that the action arguably has merit, it should then consider the following factors:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigations;

---

[2] The Court further notes that Plaintiff was diligent in requesting counsel as early as October of 2022, although it was unclear from his letters whether he was seeking assistance for completing the AOM or filing the Amended Complaint.

5

> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses; and
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). This list is not exhaustive, but rather provides guideposts for the Court. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (additional citations omitted). A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157-58. Further, appointment of counsel may be made at any point in the litigation, including *sua sponte* by the court. *Montgomery*, 294 F.3d at 498 (citing *Tabron*, 6 F.3d at 156). Additionally, the Third Circuit Court of Appeals has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.* at 499 (citing *Parham*, 126 F.3d at 458).

Regarding the initial question of whether Plaintiff's claims have merit, the Court in its June 28, 2022 Opinion and Order held that the claims against Defendants Lynch and Sumicad could proceed. [Dkt. No. 19]. Thus, for the purposes of the present motion, the Court will assume that Plaintiff's claims have at least some merit. The Court does note, however, that regardless of whether Plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of *Parham*'s test particularly difficult to evaluate." *Chatterjee v. Phila. Fed'n of Teachers,* No. 99-cv-4122, 2000 WL 1022979, at *1 (E.D. Pa. July 18, 2000) (stating that unlike *Parham*, which concerned a directed verdict ruling, and *Tabron*, which involved summary judgment adjudication, plaintiff's claims asserted in the complaint and motions "have barely been articulated" and have a distinctive procedural posture).

The Court now turns to the factors set forth in *Tabron*. When considering a plaintiff's

ability to present a case, courts generally consider "education, literacy, prior work experience, and prior litigation experience." *Tabron*, 6 F.3d at 156. In addition, "courts must consider whether the plaintiff has access to necessary resources like a typewriter, photocopier, telephone, and computer." *Parham*, 126 F.3d at 459 (citing *Tabron*, 6 F.3d at 156). Plaintiff appears to be able to present his case. Plaintiff's filings with the Court thus far reflect literacy, access to necessary resources, and the ability to reference relevant legal authority. For example, without the assistance of counsel, Plaintiff has filed a Complaint and an application to proceed *in forma pauperis*, he has filed the motion for leave to file an Amended Complaint pursuant to the Opinion and orders of the Judge Martinotti, and he has filed the present Motions for the denial or a stay of Defendant Barrington Lynch's motion for partial summary judgment [Dkt. No. 38] and for the appointment of *pro bono* counsel for the limited purpose to help Plaintiff obtain an affidavit of merit [Dkt. No. 39]. These filings themselves demonstrate that Plaintiff is capable of presenting his case. At this juncture, however, Plaintiff's case depends in its entirety upon his ability to obtain an Affidavit of Merit and expert testimony. The record demonstrates that Plaintiff has been unable to obtain expert assistance in the form of an AOM or testimony without counsel. Without the assistance of counsel, Plaintiff will be unable to obtain an AOM and, therefore, will be unable to present his own case. This factor, which is arguably the most significant, *see Montgomery*, 294 F.3d at 501, weighs in favor of the appointment of *pro bono* counsel for the limited purpose of obtaining an AOM.

As to the second factor, "[w]here the legal issues are complex, it will probably serve everyone involved if counsel is appointed." *Parham*, 126 F.3d at 459 (citing *Tabron*, 6 F.3d at 156). While the timeline for submitting the AOM "is fairly straightforward, the process of actually obtaining the required affidavit is quite complex." *Cagno v. Ivery*, Civ. No. 19-20384 (AET), 2021 WL 1788520, at *3 (D.N.J. May 5, 2021); *see also Sellow v. Nwachukwu*, Civ. No. 18-13820

(PGS), 2020 WL 1249224, at *3 (D.N.J. Mar. 13, 2020). Further, the fifth factor supports Plaintiff's request for counsel, as it is likely in this medical malpractice case that testimony from expert witnesses will be required. *See Parham*, 126 F.3d at 460 (noting that "[a] medical malpractice case involves complex facts and medical records that even most lawyers struggle to comprehend. Hence, most of these cases require expert testimony"); *see also Padro v. Ahmarshakir*, Civ. No. 15-7096 (MAS), 2016 WL 832522, at *3 (D.N.J. Mar. 3, 2016). Therefore, the second and fifth factors weigh in favor of the appointment of *pro bono* counsel.

The third factor, i.e., the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation, weighs slightly in favor of the appointment of counsel. Although courts have held that the fact of incarceration is not an immediate bar to the ability to conduct factual discovery, *Dippolito v. U.S.*, 2015 WL 1104813, at *3 (D.N.J. Mar. 11, 2015), the factual investigation and analysis that will be necessary, at least for the purposes of obtaining an AOM, appear to go beyond Plaintiff's abilities while he is incarcerated. Further, Plaintiff has repeatedly represented that he has been unable to obtain medical records [*see* Dkt. Nos. 28, 30, 37, and 39], and has thus been hindered in conducting a factual investigation without the assistance of counsel.

Regarding the fourth factor, *pro bono* counsel may be warranted when witness credibility is a key issue and when the factfinder must decide between conflicting testimony. *Tabron*, 6 F.3d at 156. If a case appears to be "solely a swearing contest" between witnesses, the case is likely to turn on credibility determinations and will weigh in favor of appointing counsel. *Parham*, 126 F.3d at 460. While it is difficult to discern at this early stage the degree to which credibility may be an issue in this case, it does not appear that this case will be "solely a swearing contest." Therefore, the Court finds that the fourth factor weighs against the appointment of counsel.

Turning to the sixth factor, Plaintiff was granted the ability to proceed *in forma pauperis*, and there is nothing to indicate that Plaintiff's financial situation has changed. Dkt. No. 7. Moreover, Plaintiff is currently incarcerated and does not have familial assistance, which supports a finding that Plaintiff appears unable to retain his own counsel. *See* Dkt. No. 39 at 2-3. Additionally, Plaintiff has been unable to obtain his medical records and has thus been hindered in pursuing the necessary factual investigation related to the claims and defenses at issue. Therefore, the Court finds that, on balance, even after considering the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do *pro bono* work and the value of lawyers' time, the appointment of counsel is warranted here.

The Court is mindful that the appointment of *pro bono* counsel can take time and finds it highly unlikely that Plaintiff will be able to file the requisite AOM by May 25, 2023, which, as set forth above, is the 120th day after the final pleadings were fixed. As a result, the Court must determine whether any of the four exceptions exist which would allow the Court to further extend Plaintiff's time to file an affidavit of merit. *See* N.J.S.A. § 2A:53A-28. The Court finds that extraordinary circumstances exist which warrant an extension of time beyond the 120-day statutory period to file the required AOM. In reaching this conclusion, the Court is cognizant that "[c]ourts in the *pro se* context have considered whether the failure to comply with the filing deadline resulted from 'carelessness, lack of circumspection, lack of diligence, [ ] ignorance of the law[,]' or failure to seek legal advice." *Fontanez v. U.S.*, 24 F. Supp. 3d 408, 414 (D.N.J. 2014) (quoting *Marcantonio v. Hundertmark*, 2005 WL 3663634, at *4 (N.J. Super. Ct. App. Div. Jan. 23, 2007) (internal quotation marks and citation omitted)). None of these reasons alone are sufficient to qualify as extraordinary circumstances. *See id.* Here, Plaintiff, an incarcerated prisoner, has demonstrated diligence in attempting to comply not only with the Orders entered by

this Court, but also with the Affidavit of Merit Statute. Further, Plaintiff has demonstrated in his moving papers that he has not been careless and is not ignorant of the law, but despite his efforts was unable to obtain the assistance needed to file the AOM. The Court finds that the Plaintiff's *pro se* status combined with these additional obstacles establish extraordinary circumstances warranting an extension of time for Plaintiff to file the affidavit of merit after the expiration of the contiguous 120-day period on May 25, 2023.

Thus, at this time, the Court will (1) appoint *pro bono* counsel for the limited purpose of assisting Plaintiff in determining whether he can obtain the appropriate affidavit of merit; and (2) extend the time within which Plaintiff may submit the required affidavit or otherwise meet the requirements of the Affidavit of Merit Statute.[3] The time is extended sixty days from the date *pro bono* counsel makes an appearance in this matter.

### III.   CONCLUSION AND ORDER

The Court having considered this matter pursuant to Fed. R. Civ. P. 78, and for good cause shown;

**IT IS** on this **31st day of March, 2023,**

**ORDERED** that *pro bono* counsel is hereby appointed to represent Plaintiff for the limited purpose of assisting Plaintiff in determining whether he can obtain the appropriate affidavit of merit; and it is further

**ORDERED** that the time within which Plaintiff may submit the required affidavit or otherwise meet the requirements of the Affidavit of Merit Statute is hereby extended sixty days from the date *pro bono* counsel makes an appearance in this matter; and it is further

**ORDERED** that Defendants' motion for partial summary judgment [Dkt. No. 36] is

---

[3] If an affidavit of merit is obtained and Plaintiff's claims for medical malpractice proceed, the Court will then determine whether *pro bono* counsel shall continue to represent Plaintiff for all purposes.

**DENIED without prejudice**; and it is further

**ORDERED** that Plaintiff's Motion for the denial or stay of Defendants' motion for partial summary judgment [Dkt. No. 38] is hereby **TERMINATED**; and it is further

**ORDERED** that Plaintiff's Motion for the appointment of *pro bono* counsel [Dkt. No. 39] is hereby **TERMINATED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Opinion and Order upon Plaintiff by regular mail.

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**