<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTHONY MAURICE JACKSON,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. SCOTT MILLER, *et al.*,<br><br>    Defendants. | Case No. 2:21-cv-9404 (BRM) (JBC)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

  Before the Court is Defendant Barrington Lynch's, M.D. ("Lynch") Motion for Reconsideration (ECF No. 79), seeking reconsideration of the Court's Opinion and Order (ECF Nos. 77, 78) denying Defendant's Motion for Summary Judgment. Plaintiff filed a response. (ECF No. 82.) The Court previously dismissed Defendant's Motion for Summary Judgment seeking dismissal of the claims against him based on Plaintiff Anthony Maurice Jackson's ("Plaintiff") failure to comply with New Jersey's Affidavit of Merit ("AOM") Statute, N.J.S.A. §§ 2A:53A-26 through -29. (*See* ECF Nos. 77, 78.) For the reasons set forth below, and for good cause shown, Defendant's Motion for Reconsideration (ECF No. 79) is **DENIED**.

**I. BACKGROUND**

  In April 2021, Plaintiff, a prisoner confined at East Jersey State Prison, filed his initial complaint alleging Defendant Lynch and Alejandrina Sumicad, APN ("Sumicad") acted with deliberate indifference to his serious medical needs in violation of 42 U.S.C. § 1983 and committed medical malpractice in the follow up treatment to Plaintiff's knee replacement surgery. (*See* ECF No. 1.) On October 5, 2021, the Court reviewed Plaintiff's initial complaint pursuant to 28 U.S.C.

§§ 1915(e)(2)(B) and 1915A and dismissed the complaint without prejudice for failure to state a claim upon which relief can be granted. (*See* ECF Nos. 12, 13.) Plaintiff moved to amend the Complaint and on June 28, 2022, Honorable James B. Clark, III, U.S.M.J. ("Judge Clark") permitted Plaintiff's Amended Complaint[1] (ECF No. 32) to proceed as to his medical claims against Defendant and Sumicad and dismissed Plaintiff's remaining claim. (*See* ECF No. 19.) On September 22, 2022, Defendant and Sumicad filed an answer and included a demand that Plaintiff provide an AOM pursuant to N.J.S.A. § 2A:53A-27 *et seq*. (ECF No. 24 at 15.) Defendant further alleged the following with respect to his medical specialties: "Defendant, Barrington Lynch, M.D. is a licensed physician specializing in Internal Medicine. . . The care and treatment rendered to Plaintiff in this action by these defendants was within their aforementioned medical specialties." (*Id.* at 14.)

The basis of Plaintiff's Amended Complaint is that Defendant provided inadequate medical care and were deliberately indifferent to his medical needs following a total left knee replacement. (*See generally*, ECF No. 32.) The Court summarized the factual underpinning of Plaintiff's claim against Defendant as follows:

> The Amended Complaint submits that following Plaintiff's knee replacement surgery, he developed an infection. (*Id.* at ¶ 27-28.) Plaintiff submits that as a result of Defendants' deliberate indifference for over a year, Plaintiff experienced "pain and suffering" from a "serious infection and nearly lost his life because his blood was infected." (*Id.* at ¶ 30.) As a result of these symptoms, Plaintiff was required to undergo several additional medical procedures on his left knee, including the insertion of a spacer into his knee on October 19, 2019, another medical procedure on August 5, 2020, and finally another total knee replacement and removal of the spacer on August 6, 2020. (*Id.* at ¶¶ 32–35.)

---

[1] The Amended Complaint was not officially filed on the docket until January 25, 2023. The procedural history of the delay in filing the Amended Complaint is discussed in depth in the Court's December 5, 2025. (ECF No. 77 at 2–3.)

2

(ECF No. 77 at 3.)

Judge Clark appointed *pro bono* counsel for the limited purpose of assisting Plaintiff in determining whether he could obtain an AOM. (ECF No. 42.) As discussed in depth by the Court in its December 5, 2024 Opinion, Judge Clark granted several extensions and stayed the statutory deadline for filing an AOM. (*See* ECF No. 77 at 3–5.)

In his motion for summary judgment, Defendant submitted that on November 16, 2023 and February 4, 2024, Defendant advised Plaintiff's counsel that the requisite specialties for an AOM were Internal Medicine and Nursing. (ECF No. 69-3, Def. Stat. of Mat. Facts ("DSOMF"), ¶¶ 11, 13.) On March 25, 2024, in response to Plaintiff's counsel's statement that he intended to procure an AOM from an Orthopedic Surgeon, defense counsel objected, reminding counsel Defendants are an Internal Medicine doctor and an Advanced Practice Nurse. (*Id.* ¶ 15.)

On April 30, 2024, *pro bono* counsel served an AOM by Dr. Omar D. Hussamy, M.D. on Defendants. (*Id.* ¶ 20.) Dr. Hussamy's AOM is dated April 22, 2024. (ECF No. 69-2 at 64-65, Plaintiff's AOM.) According to Plaintiff's AOM, Dr. Hussamy, is an Orthopedist licensed in the Florida, New York, California, and Texas. (*Id.* ¶ 2.) Dr. Hussamy received his M.D. from University of Virginia Medical School in 1988 and completed his Orthopedic Surgery residency at University of North Carolina at Chapel Hill. (*Id.*) Dr. Hussamy completed a fellowship in Sports Medicine and Hand Surgery and is board certified in foot surgery. (*Id.* ¶¶ 2–3.) Dr. Hussamy "devoted [his] practice substantially to orthopedics for the last 35 years" and had "performed the same surgery involved in this matter many times." (*Id.* ¶ 3.) Dr. Hussamy averred that his "education, training, and expertise clearly relate to the general area or specialty involved in this action." (*Id.* ¶ 4.) Dr. Hussamy reviewed Plaintiff's medical records and opined:

3

> [T]here exists a reasonable probability that the care, skill, or knowledge exercised by his physician, Dr. Scott Miller, M.D. and St. Francis Medical Center and Dr. Lynch of East Jersey State Prison, fell outside of acceptable professional standards of medical care or the accepted treatment practices, in that he failed to appropriately perform the surgery, which led to multiple complications and in that they failed to properly address his post-surgical complaints, leading to additional pain, suffering, and the need to additional surgeries.

(*Id.* ¶ 6.)

On May 17, 2024, Defendant and Sumicad filed a Motion for Partial Summary Judgment, arguing they were entitled to summary judgment on Plaintiff's state law medical malpractice claims because (1) Plaintiff failed to serve them with a timely AOM, and (2) the AOM failed to comply with the same specialty requirement of N.J.S.A. § 2A:53A-41. (*See generally* ECF No. 69-3.) On December 5, 2024, the Court granted the motion for partial summary judgment as to Sumicad and dismissed the state law medical malpractice claims against her.[2] (*See* ECF Nos. 77, 78.) However, the Court denied the motion as to Defendant. (*See id.*) The Court denied to motion for partial summary judgment as to Defendant, finding he failed to carry his burden on summary judgment under Federal Rule of Civil Procedure 56(a). (*See* ECF No. 77.) The Court noted Defendant was required to "provide evidence supporting his claim that he was acting in his specialty or subspecialty and that the care or treatment he provided Plaintiff involves his internal medicine specialty or his geriatric subspecialty." (*Id.* at 16.) The Court found Defendant failed to provide any evidence that he "was acting as an internist with a subspecialty in geriatric medicine at the time he rendered post-operative knee replacement care to Plaintiff." (*Id.*)

On December 19, 2024, Defendant filed the motion for reconsideration, seeking reconsideration of the portion of the Court's Opinion denying him summary judgment based on a

---

[2] Plaintiff's Eighth Amendment deliberate indifference claim against Sumicad remains.

finding that he failed to carry his burden at summary judgment. (ECF No. 79.) Plaintiff filed a response. (ECF No. 82.)

**II.    LEGAL STANDARD**

Motions for reconsideration are permitted under Local Civil Rule 7.1(i), but reconsideration is considered an extraordinary remedy and is granted only sparingly. *See Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 515 (D.N.J. 2014); *Andreyko v. Sunrise Senior Living, Inc.*, 993 F. Supp. 2d 475, 477 (D.N.J. 2014). Motions for reconsideration should not serve as opportunities to reargue old matters or raise issues that could have been raised previously. *See Andreyko*, 993 F. Supp. 2d at 477–78; *P. Schoenfeld Asset Mgm't LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i). It must be stressed, however, that reconsideration is "an extraordinary remedy" and is granted "sparingly." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996).

To prevail on a motion for reconsideration, the moving party bears the burden of demonstrating one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal citation omitted). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008) Moreover, when the assertion is that the Court overlooked something, the Court must have

5

overlooked some dispositive factual or legal matter that was presented to it. *See* L. Civ. R. 7.1(i). In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6. (quoting *P. Schoenfeld Asset Mgmt., LLC*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration].") Finally, a motion for reconsideration will likewise fail if the moving party merely raises arguments or presents evidence that could have been raised or presented before the original decision was reached. *NL Indus. Inc.*, 935 F. Supp. at 516.

## III. DECISION

Defendant does not argue that there is an intervening change of controlling law since the Court issued its Opinion on summary judgment. As such, the first avenue under the standard is not a ground to reconsider this Court's prior rulings. Therefore, the Court considers only the remaining two avenues for relief: (1) a need to correct a clear error of law or fact to prevent a manifest injustice; or (2) the availability of new evidence. For the reasons set forth below, Plaintiff's motion does not warrant relief under either avenue.

First, Defendant moves for reconsideration, arguing: (1) the Court made an error of law "by requiring evidence demonstrating Defendant specialized in internal medicine as it pertains to the care and treatment to Plaintiff;" and (2) the Court made an error of fact "by overlooking that the care and treatment involved the specialty of Internal Medicine." (ECF No. 79-3 at 6.)

Briefly, as explained in the Court's previous Opinion, in an action alleging professional malpractice, New Jersey requires an AOM. *See* AOM Statute, N.J.S.A. §§ 2A:53A–26 to 29. The AOM is a statement by an expert that the defendant professional breached an applicable duty of

6

care. N.J.S.A. § 2A:53A-27; *see generally Ryan v. Renny*, 203 N.J. 37 (2010); *Szemple v. Univ. of Med. & Dentistry of New Jersey*, 162 F. Supp. 3d 423, 426 (D.N.J. 2016).

The AOM statute also sets out who is qualified to be an affiant of an AOM. *See* N.J.S.A. § 2A:53A-27. In medical malpractice cases, such as this one, N.J.S.A. § 2A:53A-41 ("Section 41") controls and sets a "kind-for-kind" standard of eligibility to be an AOM affiant, which imposes various criteria depending on the level of specialization. Section 41 "generally requir[es] that the challenging expert be equivalently qualified to the defendant." *Lomando v. United States*, 667 F.3d 363, 382–83 (3d Cir. 2011); *see also Nicholas v. Mynster*, 213 N.J. 463, 467 (2013) (explaining that plaintiff's medical experts must possess the statutory credentials necessary to testify against defendant physicians"). If the allegedly negligent doctor was a specialist in a recognized specialty and the care or treatment at issue involves that specialty, the affiant must be a specialist in that specialty; if the allegedly negligent doctor was board certified in a recognized specialty and the care or treatment at issue involves that specialty, the affiant must be board certified in that specialty. *See* N.J.S.A. § 2A:53A-41(a).

At summary judgment, Defendant argued that Dr. Hussamy's AOM was insufficient because he is not an internal medicine specialist like Defendant Lynch, but rather a board-certified orthopedic surgeon. Defendant supported this argument with his Answer to the Amended Complaint, which indicates Defendant is a licensed physician specializing in Internal Medicine, and an internet search that indicates Defendant has a specialty in internal medicine, with a subspeciality in geriatric medicine. (*See* ECF No. 24 at 14; ECF No. 73-2 at 49–50.)

The Court previously explained that to meet the initial burden on a motion for summary judgment, Defendant must provide evidence showing that he is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Here, Defendant needed to provide evidence supporting his claim

7

that he was acting in his specialty or subspecialty and that the care or treatment he provided Plaintiff involves his internal medicine specialty or his geriatric subspecialty. (ECF No. 77 at 16.)

In seeking reconsideration, Defendant argues "no legal authority mandates that Defendant supply evidence demonstrating [his] medical specialty, or that the care and treatment involved said specialty." (ECF No. 79-3 at 7.) Rather, Defendant claims he is only required by controlling authority to "list the applicable specialty which the Defendant-physician's care and treatment involved in the Answer to Complaint." (*Id.*) Defendant argues the Court erred, "as there is no requirement, pursuant to the [AOM] Statute or any case law interpreting the [AOM] Statute, to submit evidence of the physician's specialty to support a dispositive motion based on the Plaintiff's failure to serve a statutorily compliant affidavit of merit." (*Id.*)

The Third Circuit has held that "because the affidavit of merit statute is not a pleading requirement," summary judgment is the proper vehicle for challenging a failure to comply with it. *Nuveen Mun. Trust v. WithumSmith Brown, P.C.*, 692 F.3d 283, 303 n.13 (3d Cir. 2012). A failure to file an appropriate AOM is properly the subject of a motion for summary judgment under Rule 56 because the Court must necessarily consider "matters outside the pleadings" when considering the applicability of the AOM Statute. *Id*. The Court need not decide the accuracy of Defendant's claim regarding what the AOM statute requires in New Jersey state court, because this Court must apply the requirements of the Federal Rules of Civil Procedure when considering a defendant's motion for summary judgment. The Federal Rules require:

> A party asserting that a fact [is not] genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents . . . , affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.

8

Fed. R. Civ. P. 56(c)(1)(A). In requiring Defendant to produce evidence of record to support the assertion that he was practicing in the internal medicine specialty when rendering treatment and care to Plaintiff, this Court was applying the summary judgment requirements of the Federal Rules of Civil Procedure.

The Court finds Defendant has not shown there has been a clear error of law or fact or that a manifest injustice would be prevented by reconsideration. Defendant submits that, in New Jersey, the AOM statute only requires an assertion in the Answer regarding medical specialty. However, under the Federal Rules of Civil Procedure, the moving party carries the burden at summary judgment and that burden requires evidence in the record to support their position that there is no dispute of fact. To the extent Defendant disagrees with the Court's decision, such disagreement is not a basis for reconsideration. *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). Therefore, Plaintiff has not demonstrated clear error of law or fact warranting reconsideration. *Mason v. Sebelius*, No. 11-2370, 2012 WL 3133801, at *2 (D.N.J. July 31, 2012)

In his second ground for reconsideration, Defendant again reiterates the argument made in his motion for partial summary judgment. Defendant argues Plaintiff's AOM affiant, Dr. Hussamy, "does not satisfy the requirement set forth in the first paragraph of N.J.S.A. 2A:53A-41(a) that 'the challenging expert must practice in the same specialty . . . [and] must be a specialist in the same field in which the defendant physician specializes.'" (ECF No. 79-3 at 10-11.) Defendant contends his and Dr. Hussamy's licensed areas of practice differ, and the treatment rendered to Plaintiff was within his Internal Medicine specialty. (*Id.* at 11.)

On reconsideration, and in furtherance of his argument, Defendant presents the Court with evidence that his care and treatment of Plaintiff was within the specialty of Internal Medicine. (*Id.* at 11-13, citing ECF No. 79-1 at 107-163.) The motion for reconsideration contains Defendant's

9

declaration, in which he declares he treated Plaintiff within his Internal Medicine specialty. (ECF No. 79-1 at 107-110.) Defendant also provides documentation in support of his specialty. (*Id.* at 111-139.)

In considering evidence presented to support a motion for reconsideration, courts should, "[a]bsent unusual circumstances . . . reject new evidence which was not presented when the court made the contested decision." *Waller v. Foulke Mgmt. Corp.*, No. 10-6342, 2012 WL 924865, at *1 (D.N.J. Mar. 19, 2012). Rather, on such a motion, the moving party may present only evidence that it "could not earlier submit to the court because that evidence was not previously available." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010). Therefore, courts may properly disregard "evidence that was available prior to the [contested decision]." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

Here, Defendant offers no argument that the evidence now presented to the Court was not previously available to Defendant. The Court does not see how Defendant's declaration regarding the care he provided could not have been previously presented to the Court at the summary judgment stage. The Court cannot now consider the evidence that was readily available to Defendant at summary judgment. Petitioner's second ground for reconsideration is essentially a reiteration of the argument previously raised at summary judgment. Plaintiff has not submitted any new evidence that was not previously available to support reconsideration. *See Max's Seafood Cafe*, 176 F.3d at 677.

## IV. CONCLUSION

For the reasons set forth above, and for good cause having been shown, Defendant's Motion for Reconsideration (ECF No. 79) is **DENIED.** An appropriate order follows.

Dated: July 16, 2025

                                         */s/ Brian R. Martinotti*
                                         **HON. BRIAN R. MARTINOTTI**
                                         **UNITED STATES DISTRICT JUDGE**